RUI ZHONG LU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 03–41129–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

David X. Feng, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, David L. Guerra, Assistant United States Attorney, McAllen, TX, for Respondent.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Rui Zhong Lu, a native and citizen of the People's Republic of China, seeks review of a November 2003 order of the BIA affirming the decision of Immigration Judge ("IJ") Alan A. Vomacka denying Lu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Zhong Lu*, No. A78 066 334 (BIA Nov. 24, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was

sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, substantial evidence does not support the IJ's adverse credibility finding as a whole. The factor that the IJ regarded as the "most important" in evaluating Lu's credibility was the apparent fact that he lied to immigration officials upon his arrival to the United States. Despite Lu's admission that he lied, he asserted approximately two weeks later, during his credible fear interview, that he was seeking asylum based on his violation of the family planning policy. The IJ makes no mention of this interview when reconciling Lu's credibility.

The IJ's adverse credibility determination with respect to Lu seemed to also weigh heavily on Jin's credibility and the fact that she made false statements during her airport interview and that, during the hearing, she was unclear regarding the date she received the notice of sterilization. Despite the fact that Lu's wife's credibility was questionable, when evaluating Lu's credibility, the IJ failed to take into account the fact that Lu's testimony was not only consistent with his credible fear interview and application, but also quite detailed, particularly in regard to the abortion procedure he claimed Jin underwent and the time he was arrested, detained, and beaten.

Instead of relying on the credibility of Jin's testimony, the IJ should have addressed Lu's own statements and the proffered evidence submitted in support of his family planning policy claim. We have frequently indicated, a failure on the part of the agency to consider important material evidence may require vacatur. *See, e.g., Tian–Yong Chen*, 359 F.3d at 128–29; *see also Diallo v. I.N.S.*, 232 F.3d 279, 290 (2d Cir.2000) (indicating that "the presence of corroborating evidence" may be relevant to an IJ's assessment of credibility). In this case, Lu alleges that key corroborative documents including a medical report confirming his wife's abortion and a fine receipt for becoming pregnant without permission were not considered by the IJ. While it is possible that the IJ intended to reject these documents in rendering an overall adverse credibility finding, that intent is not made explicit in the IJ's decision. Although the IJ referenced the Department of State Profile on China and the fact that fraudulent documents are prevalent among asylum applications from Chinese nationals, nowhere in the opinion does the IJ specifically discredit these documents as such. Since these documents go to the heart of Lu's claim, the IJ should have addressed them in conjunction with evaluating the veracity of Lu's assertions, as opposed to relying on the credibility of his wife.

■ The IJ also weighed certain "general considerations" in making his overall adverse credibility determination, *i.e.*, the fact that the couple paid $80,000 to be smuggled, and that they had access to fraudulent documents as evidenced by the fact that they were aided by smugglers and that, according to the Country Profile on China, fraudulent documents are prevalent in terms of immigrant visa applications. These considerations, however, do not support the IJ's adverse credibility determination.

With respect to the IJ's finding regarding the likelihood of Lu and Jin presenting fraudulent documents in light of State Department Report's warning and the fact that they were aided by smugglers, there

is no evidence in the record that indicates Lu had obtained, or knew how to obtain, any documents from a professional forger. Moreover, the salient question is whether there are reasons to doubt the authenticity of the proffered documents. It is unreasonable for an IJ to conclude that every witness lies or that every document from China is presumptively a forgery. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 134 (2d Cir.2006). As in all other factual findings, the IJ's conclusion that a petitioner's documents were fraudulent must be based on more than speculation and conjecture. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 115 (2d Cir.2005). In this case, the error was particularly egregious since the IJ failed to evaluate the entirety of Lu's documentary evidence on their own merits or question Lu about the authenticity of any of those documents. The IJ's consideration that Lu was capable of presenting false documents cannot support his adverse credibility determination.

 Next, the IJ questioned the authenticity of one document, a sterilization notice, finding it "peculiar" and "fishy." Assuming the notice lacks credibility, as stated previously, the IJ failed to consider the other material evidence submitted by the couple before reaching his credibility determination. In addition to the sterilization notice, Lu submitted a medical report confirming his wife's abortion and a fine receipt for becoming pregnant without permission. Neither of these documents were discussed by the IJ, let alone evaluated for authenticity. Since these documents go to the heart of Lu's claim, the IJ should have made a specific finding regarding the documents authenticity and relevance, instead of supporting his adverse credibility determination on the basis of one allegedly false document.

 Lastly, the IJ found that Lu's testimony was undermined by the lack of the following documents: identification docu-

ments, a household registry booklet, and affidavits from family members currently living in the United States. Here, the other bases for the IJ's adverse credibility determination are not reasonable, and the lack of corroborating evidence is not sufficient, on its own, to support that determination. Thus, the IJ's decision is not substantially supported by the record as a whole.

 In sum, given the majority of the factors used by the IJ to support his adverse credibility finding are erroneous, we cannot confidently predict that he would have reached the same conclusion based solely on Lu's wife's credibility and the authenticity of one of the proffered material documents. *Xiao Ji Chen,* 434 F.3d at 161.

 Lu's withholding and CAT claims are dismissed for lack of jurisdiction, because he failed to exhaust them before the BIA pursuant to 8 U.S.C. § 1252(d)(1). *Claim exhaustion is a mandatory requirement,* and we may not review these claims when a petitioner does not raise arguments relevant to their denial before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 115 n. 7 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, in part, and DISMISSED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).